# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00712-CV

## In re Diana Campbell and Jason Campbell

## ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Relators Diana Campbell and Jason Campbell filed a petition for writ of mandamus and a motion for temporary relief pending disposition of their mandamus petition on October 28, 2013. We granted the motion for temporary relief and requested that real party in interest Laura Marion file a response to the mandamus petition no later than November 1, 2013. Marion has filed a response to the emergency motion.

The Campbells seek mandamus relief from this Court to compel the respondent, the Honorable Charles A. Stephens, II, in the Comal County Court at Law No. 2, to set an amount of supersedeas bond within the parameters of section 24.007 of the Property Code and to then allow them a reasonable amount of time to file such bond. *See* Tex. Prop. Code § 24.007. Section 24.007 provides in relevant part: "A judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." *Id*.

In the underlying case, Marion, who was the landlord, filed a forcible detainer action against the Campbells. The county court issued a judgment in favor of Marion on

September 18, 2013. To stay the judgment of the county court then, the Campbells had to file a supersedeas bond by September 30, 2013 "in an amount set by the county court." *See id.* The county court's judgment, however, did not set an amount of supersedeas bond, and Marion obtained a writ of possession which was scheduled for execution on October 28, 2013. On September 30, 2013, the Campbells filed a motion to suspend execution of judgment and to either proceed in forma pauperis or set supersedeas bond with the county court. On the same day, the Campbells attempted to file a supersedeas bond in the amount of $100. According to the Campbells, the county court rejected the $100 bond and did not file it and, after a hearing on October 24, 2013, refused to set an amount of supersedeas bond or to allow the Campbells to amend their $100 bond.

As a threshold matter, the Campbells have not provided a reporter's record from the October 24 hearing or a copy of an order denying their motion to suspend. *See* Tex. R. App. P. 52.3(k)(1), 52.7(a). It is the relator's burden to provide an adequate record to establish entitlement to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Mata*, No. 14-12-00460-CV, 2012 Tex. App. LEXIS 4045, at *2 (Tex. App.—Houston [14th Dist.] May 18, 2012, orig. proceeding) (mem. op.). Further, an appellate court's power to stay the judgment of the county court in a forcible detainer action is limited. An appellate court may not stay the judgment unless a supersedeas bond in accordance with section 24.007 has been filed. *See* Tex. Prop. Code § 24.007; *Wilhelm v. Federal Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *In re Mata*, 2012 Tex. App. LEXIS, at *3. The Campbells concede that no such bond was filed within the 10-day statutory deadline.

For these reasons, the petition for writ of mandamus is denied and this Court's temporary stay of the writ of possession and execution of judgment is vacated. *See* Tex. R. App. P. 52.8(a), 52.10.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Puryear and Goodwin

Filed:   October 30, 2013